IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MICRO FOCUS (U.S.), INC.<br>700 King Farm Blvd., Suite 400<br>Rockville, Maryland 20850,<br><br>and<br><br>MICRO FOCUS IP DEVELOPMENT LIMITED<br>The Lawn, 22-30 Old Bath Road<br>Newbury, Burkshire, RG14 IQN<br>United Kingdom,<br><br>      Plaintiffs<br><br>v.<br><br>PIER 1 IMPORTS, INC.<br>100 Pier 1 Place<br>Fort Worth, Texas 76102<br><br>   Serve On:<br><br>   The Prentice-Hall Corporation System, Inc.<br>   2711 Centerville Road, Suite 400<br>   Wilmington, Delaware 19808<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Micro Focus (US), Inc. and Micro Focus IP Development Limited (collectively, "Micro Focus"), by their undersigned attorneys, sue Pier 1 Imports, Inc. ("Pier 1") for compensatory and statutory damages in an amount to be established at trial and currently estimated to exceed One Million Three Hundred Sixty-Two Thousand Nine Hundred

Seventy-Five Dollars ($1,362,975.00) and other relief. In support of its claims, Micro Focus states:

## THE PARTIES

1. Plaintiff Micro Focus (U.S.) Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland. Micro Focus (U.S.), Inc. licenses and supports business enterprise computer software, and is a United States subsidiary of Micro Focus International plc, a public corporation based in the United Kingdom.

2. Plaintiff Micro Focus IP Development Limited is a United Kingdom corporation with its principal place of business in the United Kingdom. Micro Focus IP Development Limited owns or has an interest in various intellectual property rights at issue in this action, and is also a subsidiary of Micro Focus International plc.

3. Defendant, Pier 1, is a Delaware corporation with its principal office in Fort Worth, Texas. Pier 1 is a global importer and operator of specialty retail stores in North America that sell imported decorative home furnishings and gifts.

## JURISDICTION AND VENUE

4. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 because Pier 1 has contacts with Maryland that give rise to Micro Focus's claims in this action and that are continuous and systematic.

5. In connection with the claims stated herein, Pier 1 entered the contract at issue with Micro Focus by ordering software from Micro Focus's office in Maryland, transmitting payment for the software to Micro Focus in Maryland, receiving a CD-ROM disk containing the software from Maryland and/or downloading the software from an FTP site located in Maryland, and by affirming, during the installation of the software, Pier 1's agreement to be

bound by the terms of the contract, which includes a choice of Maryland law. Pier 1 has since had numerous contacts with Micro Focus in Maryland, by telephone and electronic mail, concerning the parties' contract, including communications regarding licensing several updated versions of one of Micro Focus's products, making payments for maintenance services, and discussing the nature of Pier 1's use of the software.

6. In addition, Pier 1 has sufficiently continuous and systematic contacts with this State to be subject to this Court's general jurisdiction. Pier 1 operates at least 22 retail stores in Maryland and, upon information and belief, transacts substantial associated business in this State, including shipping of goods, contracting for services and leasehold properties, and operating a regional distribution facility in or near Baltimore, Maryland.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because Pier 1 can be found in Maryland, as demonstrated by the contacts described herein.

### NATURE OF THE ACTION

8. This action arises from Pier 1's breaches of the license agreement that governs its use of Micro Focus's copyrighted software products known as Server Express and Server for COBOL. Pier 1 has exceeded its license by performing batch processing operations, which are expressly prohibited under the Server for COBOL license. Pier 1's failure to comply with the terms of the license agreement constitutes a breach of that contract and an infringement upon Micro Focus's copyright.

### FACTS COMMON TO ALL COUNTS

**A. The Software**

9. Server Express is an original and proprietary software product authored by and belonging to Micro Focus that consists of a collection of tools for editing, compiling, and

debugging computer applications written in COBOL, one of the oldest programming languages still prevalent in today's computing systems. By debugging and improving software applications written in COBOL, Server Express helps programmers use existing COBOL source code in applications that can interface with more modern software.

10. Server Express translates source code from COBOL into an executable set of instructions and embeds into that software certain proprietary code developed by Micro Focus. For example, COBOL source code developed with Server Express employs Micro Focus's runtime system and application server files to handle system functions such as file and memory management.

11. This process, sometimes referred to as "compiling" source code, results in a new software product, capable of running as a stand-alone application, that incorporates computer code from both the original COBOL application and the proprietary Micro Focus software. Such Micro Focus software that has been incorporated into a COBOL program is known as the "application server components."

12. Micro Focus requires persons who wish to deploy application server components that are embedded in compiled COBOL source code to purchase a separate "deployment" license known, in the circumstances of this case, as "Server for COBOL."

13. Server for COBOL is an original, proprietary, and copyrighted software product authored by and belonging to Micro Focus. Micro Focus IP Development Limited is the registered owner of Server for COBOL and Micro Focus (U.S.), Inc. is authorized to license that product.

**B.    Pier 1's Licenses**

14.    Pier 1 began licensing Server Express in April 2002. Several times since that original purchase, Pier 1 has updated its technology by licensing from Micro Focus a more recent version of Server Express.

15.    To deploy its compiled COBOL software, Pier 1 originally purchased in April of 2002 a license to Application Server for Server Express version 2.0.11. That license defines the manner in which Pier 1 may use the application server components embedded in the compiled COBOL program.

16.    When it originally purchased the Application Server for Server Express license, Pier 1 purchased, from among several deployment license types that Micro Focus offered for use with Application Server for Server Express, two concurrent user licenses, each for use with up to 10 users (two "10-packs").

17.    With each update to Server Express and to Application Server for Server Express Pier 1 was required to affirmatively indicate its agreement to be bound by the then-current End User License Agreement ("EULA") applicable to those programs.

18.    Application Server for Server Express is now known as "Server for COBOL" and a true and accurate copy of the EULA applicable to Pier 1's Server for COBOL license version 5.1.03 is attached here as Exhibit A.

19.    Pursuant to the applicable EULA, a Server for COBOL 10-pack concurrent user license permits up to 10 concurrent users to run software incorporating Server Express application server components in a "transactional processing" production environment only, in which the user interacts with the software as it performs individual tasks or transactions.

Transactional processing, in contrast to "batch processing," does not include the use of the compiled COBOL software that incorporates Micro Focus code to execute more than one task or transaction without the user interacting with such program. A concurrent user license may not be used for batch processing.

20. Specifically, the Server License for Concurrent Users states that the "Micro Focus Software," which is defined to include "the object code version of the Micro Focus computer programs," "may not be used or accessed by any other software or hardware device that does not require an individual to use or access it including, without limitation, batch processing." Exhibit A.

21. The Server License for Concurrent Users defines batch processing as "the execution of more than one task, transaction or program by a computer system without the interaction of the end user with the Micro Focus Software while such tasks, transactions or programs are being executed by the system." *Id.*

22. Pier 1's EULA prohibits "[u]se [of] the Micro Focus Software in a manner other than as specifically permitted in this License Agreement."

**B.    Pier 1's Use of Server Express and Server for COBOL**

23. Pier 1 uses Server Express in conjunction with its "Auditwatch" application, which analyzes daily sales data for Pier 1's auditors. Specifically, Pier 1 uses Server Express to compile COBOL code that was originally designed to run on a mainframe computer for use with the more modern, server-based Auditwatch software program.

24. After compiling the COBOL code, Pier 1 uses its Server for COBOL license to deploy the resulting program (including Micro Focus application server components) for its

intended purpose – i.e., to organize daily sales data and perform certain audit functions for the Auditwatch database.

### C. Pier 1's Violation of the EULA

25. Despite the EULA's clear prohibition on using the license for batch processing, Pier 1 uses Micro Focus's software to perform precisely that function.

26. In particular, after compiling the COBOL code with Server Express, Pier 1 uses Micro Focus's application server components to process substantial quantities of sales data without any Pier 1 user interacting with the software while that data is audited and organized in a format suitable for use with Auditwatch. On Pier 1's "production machine," the application runs automated batch processes that perform various database loads, audit functions, and reporting.

27. The EULA is clear, however, that a different type of license – a Server License for CPU – "is the only license authorized for use or access by Licensee for any batch processing."

28. Had Pier 1 purchased the required Server License for CPU, it would have been required to pay Micro Focus additional license fees. By using Server for COBOL without the correct license, Pier 1 has breached the EULA and damaged Micro Focus be depriving it of consideration to which it is entitled in connection with the use of its proprietary software for batch processing.

### COUNT I
### (Breach of Contract)

29. Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

30. Defendant Pier 1 entered a contract, the Server for COBOL EULA, that defines the limits of its license to deploy Micro Focus software, including the application server components.

31. The Server License for Concurrent Users chosen by Pier 1 may not be used or accessed by software performing functions such as batch processing that do not require an individual to interact with the Micro Focus software while the task is being processed.

32. Pier 1 has nonetheless used its deployment license for batch processing.

33. Pier 1 thereby breached the Server License for Concurrent Users license under its EULA.

34. As a direct result of Pier 1's breach of contract, Micro Focus has suffered and continues to suffer monetary damages, including the loss of license and maintenance fees to which it is entitled in connection with Pier 1's use of the Server for COBOL software.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A) award compensatory damages against Pier 1 in an amount to be established at trial and currently estimated to exceed One Million Three Hundred Sixty-Two Thousand Nine Hundred and Seventy Five Dollars ($1,362,975.00) based upon Micro Focus's deployment license fees for the required Server License for CPU and applicable maintenance fees;

(B) award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C) grant Micro Focus such other and further relief as may appear just and proper.

## COUNT II
### (Copyright Infringement – Violation of 17 U.S.C. § 501)

35. Micro Focus incorporates the allegations of the preceding paragraphs herein by reference.

36. Pier 1 has violated, and continues to violate, Micro Focus's registered copyright by using Server for COBOL to perform batch processing under a Server License for Concurrent Users license rather than the required Server License for CPUs.

37. Those uses constitute copying of Micro Focus's registered copyrighted material, in violation of the exclusive rights conferred on Micro Focus under 17 U.S.C. § 106.

38. Pier 1 has infringed, and continues to infringe, upon Micro Focus's copyright, in violation of 17 U.S.C. § 501.

39. As a direct result of such copyright infringement, Micro Focus has suffered, and will continue to suffer, monetary damages.

WHEREFORE, Micro Focus requests that this Honorable Court:

(A) award Micro Focus, at Micro Focus's election, either actual damages and additional profits pursuant to 17 U.S.C. § 504(a) and (b), or statutory damages pursuant to 17 U.S.C. § 504(c);

(B) award Micro Focus pre-judgment interest and the costs, expenses, and reasonable attorneys' fees that it incurs prosecuting this Complaint; and

(C) grant Micro Focus such other and further relief as may appear just and proper.

                              Respectfully submitted,

                                      /S/
                          Geoffrey H. Genth, Bar No. 08735
                          Stuart M.G. Seraina, Bar No. 25971
                          KRAMON & GRAHAM, P.A.
                          One South Street, Suite 2600
                          Baltimore, Maryland  21202
                          (410) 752-6030 - Telephone
                          (410) 539-1269 - Facsimile

                          Attorneys for Plaintiff, Micro Focus (US), Inc.
                          and Micro Focus IP Limited

Dated: February 14, 2012.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Micro Focus (U.S.), Inc. and Micro Focus IP Development Limited, hereby demand a trial by jury of all issues triable of right by a jury.

```
                                    /S/
                        _____
```
Geoffrey H. Genth, Bar No. 08735
Stuart M.G. Seraina, Bar No. 25971
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 - Telephone
(410) 539-1269 - Facsimile

Attorneys for Plaintiff, Micro Focus (US), Inc.
and Micro Focus IP Development Limited